```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MATRIX ESSENTIALS, INC.,
                            Plaintiff,            ORDER
                                                  CV90-1070 (LDW) (WDW)
        -against-

QUALITY KING DISTRIBUTORS, INC.,
BERNARD NUSSDORF, GLENN NUSSDORF,
and STEPHEN NUSSDORF,
                            Defendants,

RUTH NUSDORF, PRO'S CHOICE BEAUTY
CARE, INC. and GSN TRUCKING CORP.,
                            Non-Party Respondents
----------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

Before the court are two applications. The first is a motion by the plaintiff to compel interrogatory responses from Defendants Quality King and Glenn Nussdorf and Non-Party Respondent GSN Trucking Corp. The second is a joint request for an extension of the discovery deadline. Both applications are granted, as set forth herein.

## BACKGROUND

The background of this action is set forth fully in a Memorandum and Order issued by District Judge Wexler in November 2004 and will not be repeated here. Suffice it to say that the plaintiff[1] asserts violations of a Consent Order and Permanent Injunction that was entered in 1990. The Injunction prohibited the original defendants, Quality King and Bernard Nussdorf along with his sons Glenn and Stephen Nussdorf, and their affiliates, successors and any person over which they have any control, from certain activities regarding Matrix products. See 11/18/04

---

[1] The plaintiff in the caption remains Matrix Essentials, Inc., the original plaintiff in 1990. When the case was reopened in 2004, L'Oreal Corporation asserted that it had acquired Matrix and the right to enforce the Injunction through a stock and asset purchase of Matrix Essentials. Judge Wexler has allowed the action to proceed with L'Oreal as plaintiff, without finally deciding the issue of whether it has standing. See 11/18/04 M&O at 9.

Memorandum and Order (Wexler, J.) at 6. Now, the plaintiff claims that Ruth Nussdorf, Bernard's widow and the mother of Glenn and Stephen, along with Pro's Choice Beauty Care, Inc. and GSN Trucking[2], all non-parties to the original action, have also violated the Injunction. District Judge Wexler denied the plaintiff's motion for contempt and ordered the parties to proceed to discovery, and a discovery scheduled was entered.

On February 18, 2005, the plaintiff served interrogatories on Quality King, GSN and Glenn Nussdorf ("the QK parties"). P's Ex. A 1, 2 & 3. Pursuant to Rule 33, the responses were due on March 21, 2005. On that date, the QK parties sought an extension of time to answer until March 30, which the plaintiff granted. On March 30, the QK defendants each served a short response to the interrogatories, in which they stated that because the interrogatories "substantially" exceeded the number allowed by Rule 33, including discrete subparts, they would respond with specific objections and responses after the plaintiff narrowed the number to the permitted limit of 25, and reserved all other objections until that time. *See* P's Ex. B 1, 2 & 3.

The plaintiff responded with a letter dated April 13, 2005 that purported to demonstrate that the interrogatories did not exceed 25 and requested a response within ten days. P's Ex. C. By letter dated April 13, the defendants/respondents rejected the plaintiff's characterization of the interrogatories as being within the limit, and refused to answer further, noting defense counsel's upcoming vacation. Ex. D. The plaintiff emailed defense counsel, stating that the defendants could have until April 29th to respond. Ex. E. The defendants did not do so, and, by letter dated May 4, 2005, the plaintiff expressed its intention to seek relief from the Court if responses were

---

[2] As of the date of this Order, GSN is not listed in the docket as a Non-party Respondent, but has been recognized as such by Judge Wexler. Bernard Nussdorf remains as a defendant, although he is deceased.

not received by May 13. Ex. F. No responses were forthcoming, and the current motion was filed on June 6, 2005.

## DISCUSSION

Here, the plaintiff has numbered 19 Interrogatories to Quality King, 17 to GSN, and 14 to Glenn Nussdorf. As noted, the defendants/respondents claim that, despite the plaintiff's numbering, the interrogatories exceed the limit allowed by Rule 33, that is, 25 including all discrete subparts. The court does not agree. A subpart is "discrete and regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory." *Security Ins. Co. of Hartford v. Trustmark Ins. Co.,* 2003 WL 22326563 at *1 (D. Conn. Mar. 7, 2003). The court has examined the interrogatories and finds that, overall, they do not exceed the allowable 25 inquiries, although some of them could be broken down into two separate interrogatories. (*See, e.g.*, Quality King Interrogatory 13.) The defendants apply a far too stringent application of "discrete subparts" in arguing, for example, that Nussdorf Interrogatory 4, which seeks information about Nussdorf's job at Quality King, actually asks four different questions. And, even if the subparts of the interrogatories bring the total up to some number in excess of 25, the court will allow them. The QK parties shall serve responses no later than **July 8, 2005.**

The next issue is whether the QK parties waived their objections by failing to respond in substance to the interrogatories. Although they put themselves at risk of this finding, the court will not find a waiver of objections to the substance of the questions at this time. One approach to interrogatories deemed by the recipient to be in excess of the limit is to answer those that they find to be the "first" 25. *See, e.g., Security Insurance*, 2003 WL 22326563; *Denmeade v. King,* 2001 WL 1823579 (W.D.N.Y. Dec. 6, 2001). The QK parties did not do this, but chose to enter only

3

an objection to the number. This response was not ideal, but there does not appear to be a hard and fast rule in this Circuit or District requiring a response to those interrogatories deemed to be the "first" 25, nor a requirement that the recipient make a motion for a protective order, although either of those responses would have been preferable. Moreover, the QK defendants did respond, and did purport to reserve their objections. Under these circumstances, the court will not impose a general finding of waiver. The court does find, however, that any objection based on GSN's position as a "non-party" was both waived and is without merit in this action, where full participation by the respondents in discovery is contemplated.

The parties have jointly requested a 90 day extension of the discovery deadline, from June 24, 2005 to September 22, 2005, and a concomitant 90 day extension of the post-discovery dates set forth in the Discovery Plan. The court will allow this extension, but cautions the parties that no further extensions will be granted without a showing of manifest injustice.

Dated: Central Islip, New York  
       June 21, 2005

**SO ORDERED:**

/s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge