UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MATRIX ESSENTIALS, INC.,

                          Plaintiff,         **ORDER**
                                                          CV90-1070 (LDW) (WDW)

     -against-

QUALITY KING DISTRIBUTORS, INC.,
BERNARD NUSSDORF, GLENN NUSSDORF,
and STEPHEN NUSSDORF,

                          Defendants,

RUTH NUSSDORF, PRO'S CHOICE BEAUTY
CARE, INC. and GSN TRUCKING CORP.,
                         Non-Party Respondents
-------------------------------------------------------------X

**WALL, Magistrate Judge:**

      A motion hearing was held on March 16, 2006, and rulings were made from the bench on the following motions:

        #111 – L'Oreal's motion to compel a joint defense agreement is denied.

        #121 – L'Oreal's cross motion to subpoena Bank of Employee Edgar Ezerring is granted.

        #122 – L'Oreal's motion to compel the production of documents by Glenn Nussdorf is granted. The documents shall be produced by March 24, 2006.

        #126 – L'Oreal's motion was withdrawn. See docket entry #133.

        #127 – L'Oreal's motion to compel responses to a non party subpoena is granted to the extent set forth on the record.

        #129 – L'Oreal's first prong, a motion to compel supplementary interrogatory responses from Glenn Nussdorf and documents from Quality King identified by Dennis Barkey, was withdrawn; the second prong of the motion to compel Quality King to produce other documents identified by Dennis Barkey is granted, with any additional documents to be produced by March 24.

        #130 – L'Oreal's motion for sanctions for alleged witness intimidation and tampering is denied.

#131 – Quality King's motion to compel production of documents is denied.

#139 – Quality King's motion to compel documents identified during the depositions of three witnesse is granted on consent. The documents shall be produced by March 24.

#140 – Quality King's motion to compel the designation of a 30(b)(6) witness was withdrawn.

#142 – L'Oreal's motion to compel production of documents identified by Marc Garrett is granted to the extent set forth on the record.

#144 - L'Oreal's motion to compel production of three Pro's Choice emails is denied.

Additional details regarding the rulings are set forth in the transcript of the hearing.

As to Motion #128, a motion by L'Oreal to compel production of documents pursuant to a subpoena served on non-party Ailah and issued by the District Court in New Jersey, the undersigned ruled from the bench that the motion was granted, subject to a protective order. That oral ruling is now vacated. Upon review of the transcript of the hearing, and reconsideration of L'Oreal's assertion that Ailah had not objected to the motion to compel on jurisdictional grounds, indeed had agreed to have the dispute decided by this court, the undersigned reverts to the original position that this court lacks jurisdiction to consider a motion to compel responses to a subpoena issued by another court. L'Oreal and Ailah may consider the undersigned's reasoning in any good faith efforts to resolve their differences, but any formal order compelling responses will have to issue from the District Court in New Jersey.

Dated: Central Islip, New York  
      March 23, 2006

SO ORDERED:

/s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge