UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MATRIX ESSENTIALS, INC.,
                             Plaintiff,

   -against-

QUALITY KING DISTRIBUTORS, INC.,
BERNARD NUSSDORF, GLENN NUSSDORF,
and STEPHEN NUSSDORF,
                            Defendants,

RUTH NUSSDORF, PRO'S CHOICE BEAUTY
CARE, INC. and GSN TRUCKING CORP.,
                          Non-Party Respondents
-------------------------------------------------------------X

**ORDER**
CV90-1070 (LDW) (WDW)

**WALL, Magistrate Judge:**

     Before the court is a motion by Quality King to compel the designation of an additional 30(b)(6) witness in regard to the plaintiff's website survey, and to further compel the production of six categories of documents relating to that survey. [#157] The motion is opposed, in part, by the plaintiff. [#158]  Quality King had made a similar, oral motion at the hearing held on March 16, 2006, which was denied without prejudice to renewal.  At the hearing, the plaintiffs agreed to provide another website survey deponent.  In response to Quality King's objections to the proposed scheduling order, the undersigned issued an electronic order, noting that Quality King could renew its motion after the new deposition if need be.  Quality King then made the instant motion.

     The prong of the motion seeking to compel a 30(b)(6) deponent was unnecessary and is now moot, the plaintiff having advised the court that a witness will be made available.  As to the documents, the court did not intend in its electronic order to bar a motion until after the deposition and agrees that a determination as to the production of documents should be reached

prior to the deposition. As to the six categories of documents sought by Quality King, the plaintiff claims that Request No. 1 has been satisfied; there are no documents responsive to Request No. 2; and the plaintiff does not object to providing documents in response to Requests Nos. 3-5. As to Request No. 6, which seeks the names and addresses of the people who responded to the survey, the plaintiff argues that the request is "overbroad, unduly burdensome, irrelevant and unwarranted," and that the email addresses of the respondents have already been provided. The court notes its concern about the privacy of the respondents, and agrees that production of the names and addresses of the survey responses is not warranted. The plaintiff shall provide documents responsive to Requests 3-5 one week prior to the deposition.

Dated: Central Islip, New York           **SO ORDERED:**
       March 24, 2006

                                          /s/ William D. Wall
                                          WILLIAM D. WALL
                                          United States Magistrate Judge